# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## JUDGE PHILIP A. BRIMMER

## COURTROOM MINUTES

Courtroom Deputy: Kathy Preuitt-Parks  
Court Reporter: Janet Coppock  
Probation Officer: Jan Woll  

Date: March 13, 2012  
Time: 42 minutes  
Interpreter: n/a  

**CASE NO. 10-CR-00326-PAB-13**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Kasandra Carleton |
| | Special Agent Shane Messner |
| Plaintiff, | |
| vs. | |
| **13. DESIREE MARIE HERNANDEZ,** | Dana Casper |
| Defendant. | |

## SENTENCING

**1:33 p.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.   Defendant is present and in custody.

**ORDERED:** The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Comments by Ms. Carleton in support of the Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5k1.1.

Page Two
10-CR-00326-PAB-13
March 13, 2012

**ORDERED:**   Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5k1.1 (Doc #2024), is **GRANTED.**

Argument by Ms. Casper in support of Defendant's Motion to Withdraw Document 1578.

Comments by Ms. Carleton.

**ORDERED:**   Defendant's Motion to Withdraw Document 1578 (Doc #2051), is **GRANTED in PART**, as stated on the record.

Argument by Ms. Casper in support of Defendant's Motion for Non-Guideline Sentence and comments addressing sentencing.

Argument by Ms. Carleton and comments addressing sentencing.

Defendant addresses the Court.

Court states its findings and conclusions.

**ORDERED:**   Defendant's Motion for Non-Guideline Sentence (Doc #1984), is **DENIED.**

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Defendant entered her plea on **March 24, 2011** to counts **Seventy-Five and Seventy-Six of the Superseding Indictment.**

**ORDERED:**   Court **ACCEPTS** the Plea Agreement.

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:**   Defendant shall be **imprisoned** for **30** months as to count seventy-five and **10** months as to count seventy-six, to be served consecutively.

Court RECOMMENDS that the Bureau of Prisons allow the defendant to participate in a Residential Drug Abuse Program (**RDAP**).

**ORDERED:**   Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years as to counts seventy-five and seventy-six, to be served concurrently.

Page Two
10-CR-00326-PAB-13
March 13, 2012

**ORDERED:** **Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.
- (**X**) Defendant shall not unlawfully possess a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- ( ) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- (**X**) Defendant shall participate in and successfully complete a program of testing and treatment for substance alcohol abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. Defendant will be required to pay the cost of treatment as directed by the probation officer.
- (**X**) The **special assessment/restitution/fine** obligations are due immediately. Any unpaid balances upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at lease 10 percent of the defendant's gross monthly wages.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Government's Motion for Decrease for Acceptance of Responsibility (Doc #2022), is **GRANTED.**

**ORDERED:** Government's Motion to Dismiss Count Seventy-Four (Doc #2023), is **GRANTED.**

Page Three
10-CR-00326-PAB-13
March 13, 2012

**ORDERED:**  Defendant advised of right to appeal. Any notice of appeal must be filed within 10 days.

**ORDERED:**  A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:**  Defendant is REMANDED to the custody of the U.S. Marshal.

**2:15 p.m.**     **COURT IN RECESS**

**Total in court time:**     **42 minutes**

**Hearing concluded**